# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| WALTER BROOKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-251-JMB |
| | ) | |
| ANN PRECYTHE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Walter Brookins, an inmate at the Farmington Treatment Center, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $17.35. Additionally, for the reasons discussed below, the Court will dismiss plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a copy of his certified inmate account statement.  (ECF No. 7).  A review of plaintiff's account indicates an average monthly deposit of $86.75 and an average monthly balance of $0.01.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $17.35, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

2

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Ann Precythe, Director of the Missouri Department of Corrections ("MDOC"), in her official capacity only. Plaintiff alleges he was "operated on by [MDOC] staff doctors for colon cancer, the doctors did a terrible job, left [him] in terrible shape, with open wounds." Plaintiff further alleges the medical staff at the MDOC "are not taking care of [him] properly." Plaintiff states that Precythe is "directly responsible for any inappropriate actions of [MDOC] staff."

Plaintiff seeks $3,000,000 in compensatory damages and $3,000,000 in punitive damages for medical malpractice. Plaintiff also requests "to be sent home on medical parole" due to his "poor medical condition" and "the terribly bad medical treatment."

On March 4, 2020, plaintiff filed a document titled "declaration in support of motion requesting time to file an amended complaint." (ECF No. 5). Plaintiff appears to be requesting

3

leave to amend the relief he seeks in his complaint by removing his request for "medical parole," stating he "didn't know that he couldn't ask the court to release him [from] prison."

### Discussion

Plaintiff brings his claim against Precythe in her official capacity only.  In an official capacity claim against an individual, the claim is actually "against the governmental entity itself."  *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017).  Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer."  *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).  *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").  As such, plaintiff's official capacity claim against Precythe is actually a claim against her employer.

Plaintiff alleges that Precythe is employed by the MDOC, which is a state agency.  The complaint fails to state a claim against the MDOC because an agency exercising state power is not a "person" subject to a suit under § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacity are 'persons' under § 1983"); *Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"); and *Barket, Levy*

4

& *Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (an agency exercising state power is not a person subject to suit under § 1983). Thus, plaintiff's claim against Precythe in her official capacity must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Even if plaintiff brought this action against Precythe in her individual capacity, his claim would still fail. Plaintiff has not alleged she was directly involved in or personally responsible for specific violations of his constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Merely listing a defendant in the caption is not sufficient to state a claim against that defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of self-represented plaintiff's complaint against defendants who were merely listed as defendants in the complaint, but there were no allegations of constitutional harm against them). Plaintiff does not allege Precythe performed the surgery he complains of or had any direct role in his post-operative care.

Plaintiff alleges Precythe is "directly responsible for any inappropriate actions of [MDOC] staff." However, a public official cannot be held liable solely because she holds an administrative or supervisory position. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 cases). A supervisor is liable for the actions of her subordinates

5

under § 1983 only if she personally participates in the alleged unconstitutional conduct, or when there is a causal connection between her actions and the alleged constitutional deprivation. *See Glick v. Sargent*, 696 F.2d 413, 415 (8th Cir. 1983) (warden must play a personal role in the disciplinary process; she cannot be held liable for the outcome of the process). As stated above, plaintiff has failed to plead specific facts establishing an actual link or connection between Precythe and the alleged constitutional violation.

Moreover, after carefully reading the complaint and giving it the benefit of a liberal construction, the Court further concludes that plaintiff's allegations fail to state any plausible or viable claims for relief under § 1983 and the deficiencies in his complaint would not be cured by permitting plaintiff to file an amendment.

To state a claim for unconstitutional medical mistreatment in violation of the Eighth Amendment, a plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. *Alberson v. Norris*, 458 F.3d 762, 765-66 (8th Cir. 2006). A prima facie case alleging deliberate indifference requires the plaintiff to demonstrate that he suffered from an objectively serious medical need and the "prison officials actually knew of but deliberately disregarded" that need. *Id.* Deliberate disregard is a mental state "equivalent to criminal-law recklessness." *Schaub v. VonWald*, 638 F.3d 905, 914-15 (8th Cir. 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 835, 839–40 (1994)). Medical malpractice alone is not actionable under the Eighth Amendment. *Smith v. Clark*, 458 F.3d 720, 724 (8th Cir. 2006). For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "[A]

6

complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Applying these standards to the instant action, the Court finds that even if plaintiff brought his claims against the medical professionals who were personally involved in his treatment, he has not properly alleged deliberate disregard for his objectively serious medical needs.

For purposes of initial review, the Court will assume that colon cancer and post-operative treatment for colon cancer meet the criteria for an objectively serious medical need. However, plaintiff's allegations regarding his dissatisfaction with the surgical outcome and subsequent post-operative care do not establish deliberate indifference. As noted above, this is an onerous standard that requires plaintiff to demonstrate a mental state akin to criminal recklessness. Plaintiff alleges he was "operated on by [MDOC] staff doctors for colon cancer, the doctors did a terrible job, left [him] in terrible shape, with open wounds" and MDOC medical staff "are not taking care of [him] properly." Plaintiff does not allege, however, that he requested and was subsequently refused necessary medical treatment before or after surgery, that treatment his was intentionally delayed, or he was denied prescribed medication. *See Estelle*, 429 U.S. at 104 (a plaintiff must allege facts sufficient to show a knowing disregard for his well-being, such as "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed").

While plaintiff may disagree with the outcome of his surgery or his post-operative care, allegations that establish only the plaintiff's disagreement with treatment decisions do not state claims of constitutional significance. *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017); *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "While inmates have a right to adequate medical care, they have no "right to receive a particular or requested course of treatment." *Dulany*

*v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  Doctors are free to exercise their independent medical judgment, *id.*, and a "prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1118-19 (8th Cir. 2007) (alteration in original) (citation omitted).  Although plaintiff's allegations that the medical treatment he was provided amounted, at best, to medical malpractice or negligence, they do not rise to the level of deliberate indifference required under the Eighth Amendment.  The Court finds, therefore, that it would be futile to allow plaintiff to file an amended complaint.

Lastly, to the extent plaintiff seeks early release due to his medical issues, such a request is not appropriate in an action brought pursuant to 42 U.S.C. § 1983.  Federal habeas corpus, not § 1983, is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

### Motion to Amend the Complaint

On March 4, 2020, plaintiff filed a document titled "declaration in support of motion requesting time to file an amended complaint."  (ECF No. 5).  Plaintiff appears to be requesting leave to amend his complaint to remove his request to be released on "medical parole" because he "didn't know that he couldn't ask the court to release him [from] prison."  The motion to amend will be denied as moot for two reasons: (1) this action is being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim; and (2) plaintiff was permitted to amend his complaint without leave of the Court prior to the instant dismissal as the Clerk of the Court has not issued summons on the defendant.  *See* Federal Rule of Civil Procedure 15(A)(1).  Moreover, even if the

Court granted plaintiff leave to amend his complaint to remove his request to be released from prison due to his medical issues, his complaint would still not survive initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons discussed above.

### Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (ECF No. 2).  The motion will be denied as moot as this action is being dismissed for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's second duplicative motion to proceed *in forma pauperis* (ECF No. 6) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $17.35 within twenty-one (21) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to amend complaint (ECF No. 5) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 2) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B).  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 11th day of May 2020.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

10